The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Lumbermen's Mutual Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $311.20.
5. The date of the alleged injury was February 8, 1994.
In addition, the parties stipulated into evidence a packet of medical records and reports.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff began working for defendant-employer in approximately April 1993 on a part-time basis. In December 1993 or January 1994, he was given a full-time position. His job at that time involved going to meeting houses within his district to do cleaning, routine maintenance and landscaping. He would vacuum, mop, dust, and mow the lawn as part of his job duties.
2. Plaintiff had had prior problems with his left knee associated with an accident and had undergone surgery in the past. The knee had bothered him some at work, and he had mentioned it to his supervisor on a couple of occasions. Apparently, the landscaping work caused him the most difficulty.
3. On February 8, 1994 plaintiff went with the maintenance crew to a meeting house in Roxboro. The crew was assigned the task of replacing shrubs on the grounds. Consequently, they began digging up old shrubs and planting new ones. By the time the crew finished planting the new shrubs, plaintiff was experiencing increased pain in his left knee, but he did not mention it to his supervisor.
4. The following day, plaintiff went to Dr. Plomaritis, an orthopaedic surgeon, and told the doctor that he had been doing a lot of landscaping work and that he had noticed significant knee pain after a hard day of such work. Dr. Plomaritis ultimately diagnosed his condition as patella malalignment and degeneration of the posterior medial meniscus. Plaintiff underwent arthroscopic surgery on April 12, 1994 for those conditions. He continued to experience significant symptoms despite the surgery and was later referred to Dr. Curl who performed a second operation on April 27, 1994 for iliotibial band friction syndrome. He had not returned to work as of the date of hearing.
5. Plaintiff has alleged that he stepped in a hole on February 8, 1994 while replacing the shrubs and twisted his knee. However, he has admitted that he does not remember having done so but simply assumes that he must have hurt himself in that way. He did not tell Dr. Plomaritis of such an injury the next day and did not report any injury to his supervisor. Consequently, he has not proven that he hurt his knee by stepping in a hole and twisting it. Rather, his knee began to bother him while he was performing his normal work duties. There was no specific incident or injury and there was not an interruption of his regular work routine on that occasion.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On February 8, 1994 plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 et seq.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER